IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNDERWOOD & WONG, INC.,

       Plaintiff,                   No. 2:09-cv-1686 MCE JFM

  vs.

RICARDO ENRIQUEZ,

       Defendant.                FINDINGS AND RECOMMENDATIONS

        Plaintiff's motion for entry of default judgment came on regularly for hearing on July 15, 2010. Marion Quesenbery appeared for plaintiff. No appearance was made for defendant Ricardo Enriquez. Upon review of the motion and the supporting documents, upon hearing the arguments of counsel and good cause appearing therefor, the court recommended entry of default judgment in open court. Therefore, THE COURT MAKES THE FOLLOWING FINDINGS AND RECOMMENDATIONS:

        Plaintiff Underwood & Wong, Inc., is a California corporation with its principal place of business in Los Angeles, CA. Plaintiff sues Ricardo Enriquez for money due for shipments of perishable agricultural commodities made to defendant between July 23, 2008 and September 12, 2008. The complaint contains claims for violations of the Perishable Agricultural

Commodities Act ("PACA"), 7 U.S.C. § 499e(c)(5), breach of fiduciary duty by a PACA trust trustee, and state claims of breach of contract and unjust enrichment.

Defendant Enriquez is an individual doing business as Sacramento Valley Produce in Sacramento, CA.

Plaintiff seeks recovery in excess of $10,000.00.

Jurisdiction is proper under 28 U.S.C. § 1331.  Venue is proper in this district because defendant is located within the division of this district.

Plaintiff asserts that defendant is a United States Department of Agriculture ("USDA") licensed dealer of perishable agricultural commodities in interstate and/or foreign commerce and is subject to PACA.  (See Quesenbery Decl., ¶ 4 and Ex. A.)

Plaintiff submits that it entered into contracts of sale with defendant from July 23, 2008 through September 12, 2008 for the purchase and sale of agricultural commodities. (Quesenbery Decl., Ex. A, Parts 1 and 2; Underwood Decl., ¶¶ 6, 8.)  Pursuant to those contracts, plaintiff sold and shipped fresh fruit and vegetables to defendant in Sacramento, CA, for which defendant agreed to pay plaintiff $20,000.00.  Payment was due within ten days of delivery of the merchandise.  Although defendant received and accepted the produce listed on plaintiff's invoices, defendant has only paid plaintiff $10,000.00 of the total sum due.  (Underwood Decl., ¶¶ 6, 8, 9, 12, and 13.)

Plaintiff maintains that it is licensed by the USDA as a commission merchant, dealer and/or broker of perishable agricultural commodities.  (Quesenbery Decl. ¶ 5.)  Pursuant to 7 U.S.C. § 499e(c)(4), plaintiff printed on the face of the invoices that it gave to defendant the following statutory language:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. §499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food

> or other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received.

(See Quesenbery Decl., Ex. A, Parts 1 and 2.)

Plaintiff maintains that it performed all of its obligations and duties under the contracts. Under the terms of those contracts, in the event an account is not paid when due, it is subject to a 1-1/2% monthly delinquent charge (18% per year) and attorneys' fees and other costs of collection. (Underwood Decl., ¶¶ 8, 12, and Ex. A.)

Plaintiff seeks actual damages in the amount of $10,000.00, the sums remaining due on the contracts. Plaintiff avers that defendant paid only $10,000.00 of the $20,000.00 due. Plaintiff also seeks interest on the debt owed in the amount of $4,320.96 through July 1, 2010 and .049% per day thereafter on the outstanding debt until paid in full. (Quesenbery Decl., ¶ 10 and Ex. D.)

Pursuant to the express language of the contracts, the prevailing party is entitled to an award of attorneys fees, costs and expenses arising out of litigation. Plaintiff seeks attorneys fees and costs in the total amount of $4,537.00. (Quesenbery Decl., ¶¶ 7-9 and Ex. C.)

I. Request for Default Judgment

The complaint in this matter was served upon defendant by mail on June 24, 2009. Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendant has not filed an answer. The clerk of the court entered default against defendant on September 2, 2009. Notice of the entry of default as well as plaintiff's motion for entry of default judgment were served by mail on defendant at his last known address. Defendant has filed no opposition to the motion for entry of default judgment.

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir.

1977). Entry of default judgment is proper where, as in the present case, the facts established by the default support the causes of action pled in the complaint. The complaint and the affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief requested in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint. Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert. denied, 419 U.S. 832 (1974). There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

Title 7 U.S.C. § 499b(4) provides in pertinent part that it shall be unlawful in, or in connection with, any transaction in interstate or foreign commerce, for any commission merchant, dealer, or broker to fail or refuse truly and correctly to account and make full payment promptly in respect of any transaction in any perishable agricultural commodity to the person with whom such transaction is had, or to fail, without reasonable cause, to perform any specific action or duty, express or implied, arising out of any undertaking in connection with any such transaction, or to fail to maintain the trust as required under section 499e(c). In pertinent part, § 499e(c)(2) provides for a trust with respect to commodities received:

> 2) Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents. Payment shall not be considered to have been made if the supplier, seller, or agent receives a payment instrument which is dishonored.

7 U.S.C. § 499e(c)(2). The unpaid supplier must retain and preserve the benefits of the trust by giving notice of intent to do so to the commissioner merchant, dealer, or broker, and this may be accomplished by giving written notice on ordinary and usual billing or invoice statements.

§ 499e(c)(3), (4). The notice must be given to the buyer within thirty days of a payment default, or by referring to the trust on invoices. Id.

The elements of recovery under a PACA trust claim are thus the transaction, here a contract for sale of perishable agricultural commodities; purchase and receipt of the perishable agricultural commodities by a commission merchant, dealer, or broker engaged in the handling of produce in interstate and/or foreign commerce, who is thus subject to PACA; a failure to pay fully and promptly, or a failure to maintain the trust as required by § 499e(c); and preservation of trust rights by the seller by notifying of intent to preserve the benefits of the trust on invoices or billing statements. 7 U.S.C. §§ 499b, 499e(c); Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 284 (9th Cir. 1997).

Here, plaintiff properly alleged that defendant Enriquez was engaged in the handling of produce in interstate and/or foreign commerce as a commission merchant, dealer and/or broker. Plaintiff alleged that it shipped perishable agricultural commodities to defendant at defendant's request and pursuant to agreements by defendant to $20,000.00. Defendant paid $10,000.00 of the amount due, but failed to pay the remaining balance of $10,000.00. Plaintiff also alleged the creation of the trust by submitting evidence that the invoices sent to defendant reflected the language required by 7 U.S.C. § 499e(c).

Accordingly, the undersigned concludes that the complaint is legally sufficient to state a claim or claims under PACA against defendant Enriquez for enforcement of the statutory trust based on a failure to perform the duty to account and pay fully and promptly, and to conserve the trust assets for the benefit of plaintiff. The complaint is also legally sufficient to state a claim for breach of contract. Cal. Civ. Code §§ 1549, 1550; Acoustics, Inc. v. Trepte Construction Co., 14 Cal. App. 3d 887, 913 (Cal. Ct. App. 1971).

As to the state claim of unjust enrichment, plaintiff has not briefed the legal sufficiency of this claim and has not explained what disposition is to be made of the claim upon which judgment is not sought.

Good cause appearing, it is the recommendation of this court that plaintiff be granted default judgment as to plaintiff's PACA and breach of contract claims.

II.  Relief Requested

It is specifically provided in PACA that the remedies created by the Act are in addition to, and are not intended to in any way abridge or alter, the remedies existing at common law or by statute.  § 499e(b).

  A.  Actual Damages

Defendant is liable to plaintiff for actual damages in the amount of $10,000.00.

  B.  Interest

Plaintiff seeks prejudgment and post judgment interest.  In diversity cases, state law governs awards of interest.  Lund v. Albrecht, 936 F.2d 459 (9th Cir. 1991).  Plaintiff submits that the interest due to it is $4,320.96 through July 1, 2010, and 0.49% per day thereafter until paid in full.  Plaintiff argues that post-judgment interest should be set at the same contractual rate as prejudment interest.  See Rey Rey Produce SFO, Inc. v. M&M Produce & Food Services, 2006 LEXIS 47949 at *10-11 (N.D. Cal. 2006).  The court agrees.

  C.  Attorneys' Fees and Costs.

The written agreement entitled the prevailing party to an award of attorney's fees, costs and expenses arising from litigation.  Plaintiff requests that the court award $4,537.00 in attorneys' fees and costs.  The affidavit provided by counsel as to attorneys fees and costs is supported by detailed billings.

/////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's June 4, 2010 motion for entry of default judgment be granted as to plaintiff's PACA and breach of contract claims;

2. Plaintiff be awarded $10,000.00 in actual damages;

3. Plaintiff be awarded interest in the amount of $4,320.96 through July 1, 2010, and 0.49% per day thereafter until paid in full; and

4. Plaintiff be awarded $4,537.00 in attorneys' fees and costs.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 20, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

/014;unde1686.def